Diana **BENKER**, Appellant,

v.

The **TEXAS DEPARTMENT OF INSURANCE** and Jose Montemayor, Commissioner,[1] Appellees.

No. 03–98–00055–CV.

Court of Appeals of Texas, Austin.

June 17, 1999.

Released for Publication July 15, 1999.

---

1. This appeal was originally filed in the name of the predecessor to the present Commissioner. We have substituted the current holder of that office as the proper party to this proceeding. *See* Tex.R.App. P. 7.2(a).

Gregory P. Sapire, Smyser Kaplan & Veselka, L.L.P., Houston, for Appellant.

John Cornyn, Atty. Gen., Maureen Powers, Asst. Atty. Gen., Financial Litigation Division, Austin, for Appellees.

Before ABOUSSIE, C.J., JONES and KIDD, JJ.

JONES, Justice.

Diana Benker sued the Texas Department of Insurance and the Commissioner of Insurance ("TDI"), seeking judicial review of a consent order.[2] TDI entered into the consent order with Enterprise Rent–A–Car and related entities ("Enterprise").[3] Benker appeals from the trial-court order granting TDI's plea to the jurisdiction. We will affirm the trial-court order.

## The Controversy

The controversy involves Enterprise's sale of supplemental liability insurance to consumers renting its cars. On August 8, 1997, Benker sued Enterprise in Harris County, Texas, alleging various violations of the Texas Insurance Code. On August 26, 1997, after a fraud investigation, TDI entered this consent order. Enterprise

agreed to refund to consumers a percentage of the premiums paid and to reimburse TDI $50,000 for investigative costs. As part of the settlement, TDI allowed Enterprise to condition the refund on the consumer releasing it from further claims stemming from the subject matter of the order.

After unsuccessfully attempting to intervene in the TDI proceedings, Benker sought judicial review of the consent order. TDI filed a plea to the jurisdiction, asserting, among other grounds, that Benker lacked standing to seek judicial review. The trial court granted the plea in an order that did not specify any particular ground. On appeal, Benker contends that article 1.04(a) of the Texas Insurance Code confers subject-matter jurisdiction in these circumstances and that sovereign immunity does not bar her suit for judicial review because it is based on constitutional claims and seeks no damages. We conclude that appellant did not establish standing.

## Standing

■ There is no general statutory authorization to appeal an agency action. Appellant argues that article 1.04(a)[4] of the Texas Insurance Code authorizes hers appeal and confers subject-matter jurisdiction in the district court. Such authorizing statutes generally have been held to encompass or codify the requirements of constitutional standing. *See Hooks v. Texas Dep't of Water Resources*, 611 S.W.2d 417, 419 (Tex.1981); *Lake Transport, Inc. v. Railroad Comm'n*, 505 S.W.2d 781, 785

2. On this day, we have decided another case with identical issues. *See Siebenmorgen v. Texas Dep't of Ins.*, No. 03–98–00054–CV, 1999 WL 394621 (Tex.App.—Austin June 17, 1999, no pet. h.) (not designated for publication).

3. The entities involved were: Enterprise Rent–A–Car, Enterprise Leasing Company of Houston, Enterprise Leasing Company of DFW, Enterprise Rent–A–Car Company of Texas, Enterprise Leasing Company—Southwest and Enterprise Leasing Company—West.

4. The part of the article germane to this appeal reads: "If any insurance company or other party at interest be dissatisfied with any ruling, action, decision, regulation, order, rate, rule, form, act, or administrative ruling adopted by the Commissioner, such dissatisfied company or party at interest after failing to get relief from the Commissioner, may file a petition ... in the District Court of Travis County...." Tex. Ins.Code Ann. art. 1.04(a) (West Supp.1999).

(Tex.1974); *Public Util. Comm'n v. J.M. Huber Corp.*, 650 S.W.2d 951, 955–56 (Tex. App.—Austin 1983, writ ref'd n.r.e.).

■ A lack of standing deprives a court of subject-matter jurisdiction because standing is an element of such jurisdiction. *See Texas Ass'n of Business v. Air Control Bd.*, 852 S.W.2d 440, 444–45 (Tex.1993). The Texas Open Courts provision contemplates access to the courts only for those suffering an injury: "All courts shall be open, and every person for *an injury done her* ... shall have remedy by due course of law." Tex. Const. art. I, § 13 (emphasis added); *see Texas Ass'n of Business*, 852 S.W.2d at 444. To establish standing, one must show a justiciable interest, which requires that one allege actual or imminent threat of injury peculiar to one's circumstances and not suffered by the public generally. *Texas Rivers Protection Ass'n v. Texas Natural Resource Conservation Comm'n*, 910 S.W.2d 147, 151 (Tex.App.—Austin 1995, writ denied) (riparian ownership distinguished litigant's injury from that of public at large). The injury may be economic, recreational, or environmental. *City of Bells v. Greater Texoma Util. Auth.*, 790 S.W.2d 6, 11 (Tex. App.—Dallas 1990, writ denied). A plaintiff must plead facts that affirmatively demonstrate standing; that is, the plaintiff must affirmatively show jurisdiction. *See Texas Ass'n of Business*, 852 S.W.2d at 446.

### The Consent Order

■ The consent order authorized Enterprise to offer consumers who rented a car from Enterprise during the relevant period a refund of a portion of Enterprise's improper charges for liability insurance. As part of the settlement, Enterprise was allowed to condition the right to receive a refund on the consumer's waiving further action against it. TDI agreed to take no further action against Enterprise on this particular matter if Enterprise completed the refund process. The consent order in no way purports to limit any

affected consumer to the remedy outlined in the consent order. It authorizes Enterprise to make an offer that any consumer can accept or reject and offers Enterprise certain benefits for making these refunds available.

Although Benker's pleadings show that she is a consumer who apparently will be eligible for this refund offer, she does not show how the order injures her. She has many complaints about the consent order; in short, she thinks the order too favorable to Enterprise. She complains vigorously about the waiver provision. However, the order does not purport to compel Benker to accept the offer as her only remedy. She may reject the offer and choose to pursue her litigation. She has not established any impairment of any right that would establish standing.

Our determination that Benker lacks standing also disposes of her contention in her second point of error that sovereign immunity does not bar her suit because she does not seek monetary damages. We overrule Benker's two points of error and conclude that the trial court did not have subject-matter jurisdiction over the suit for judicial review. Accordingly, we affirm the trial-court order of dismissal.