# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

--------------
## NO. 03-00-00744-CV
--------------


**Texas Department of Transportation, Michael W. Behrens, Robert L. Nichols, John W. Johnson, and Ric Williamson, Appellants**

**v.**

**City of Sunset Valley, Terrance R. Cowan, and Donald Hurwitz, Appellees**


-------------------------------------------------------------------

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. 98-05052, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING**
-------------------------------------------------------------------


In this inverse condemnation proceeding, the Texas Department of Transportation (ATxDOT@) and its named officials appeal the district court=s final judgment in favor of the City of Sunset Valley and intervenors Terrance Cowan and Donald Hurwitz. In five issues, TxDOT contends that (1) Sunset Valley is not a Aperson,@ and is therefore not entitled to the protections of article 1, section 17 of the Texas Constitution; (2) the district court erred by excluding evidence of a settlement agreement between Sunset Valley and third parties; (3) the district court erred by rendering a declaratory judgment that TxDOT failed to comply with certain sections of the administrative code; (4) Cowan and Hurwitz do not have standing to assert equal protection claims against the state; and (5) Cowan=s nuisance claim is barred by sovereign immunity. In light of our

disposition of TxDOT's first issue, we will reverse the damage award as to the amount necessary to compensate appellees adequately for the reasonable cost of a substitute road facility and remand the case for further proceedings in accordance with this opinion. We will also reverse the district court's judgment as to TxDOT's third issue and render judgment denying Sunset Valley's claim for declaratory relief regarding TxDOT's compliance with the administrative code. Further, we will reverse the judgment of the district court and render judgment that the intervenors take nothing on their equal protection claims regarding the absence of city limit and exit signs. The district court's judgment in all other respects will be affirmed.

## BACKGROUND

In 1991 and 1992, TxDOT occupied and destroyed a section of Jones Road, one of Sunset Valley's major municipal arteries, in the process of expanding U.S. Highway 290. As a result of this highway expansion, transportation in and around Sunset Valley was significantly hindered, and the city found it necessary to construct a substitute street at its own expense. In addition, Sunset Valley complained that TxDOT's expansion of Highway 290 violated state pollution regulations. Further, the city objected to TxDOT's use of high mast floodlights for highway lighting and alleged that they were a nuisance to motorists and area home owners. Finally, Sunset Valley was dissatisfied with the expansion project because TxDOT failed to provide city limit and exit signs on the portion of Highway 290 in the city limits.

In May 1998, Sunset Valley filed suit against TxDOT. Cowan, the City's mayor, and Hurwitz, a city council member, intervened in the suit. TxDOT filed a plea to the jurisdiction which the district court denied. TxDOT brought an interlocutory appeal to this Court, arguing

(1) that Sunset Valley lacks standing to sue for inverse condemnation, (2) that Sunset Valley lacks standing to bring its claims for damages resulting from increased circuity of travel and noise and light pollution, and (3) that TxDOT is immune from suit for declaratory relief by virtue of the doctrine of sovereign immunity.

*Texas Dep=t of Transp. v. City of Sunset Valley*, 8 S.W.3d 727, 733 (Tex. App.CAustin 1999, no pet.). We affirmed the district court=s denial of TxDOT=s plea, and the cause proceeded to trial.

Following a jury trial, the district court awarded Sunset Valley the following relief: (1) $836,192.80 for the cost of a substitute road through Sunset Valley; (2) $810,978.60 in prejudgment interest; (3) a declaratory judgment that TxDOT violated administrative regulations relating to noise and lighting; (4) an injunction to abate the private nuisance caused by lighting on Highway 290; and (5) $34,075 in attorney=s fees. The district court also awarded Cowan and Hurwitz the following relief: (1) $3,648 in damages and an injunction to abate private nuisance; (2) a declaratory judgment that TxDOT violated administrative regulations relating to noise and lighting; (3) a declaratory judgment and injunction for equal protection violations arising from the use of floodlights and failure to erect city limit signs; and (4) $7,000 in attorney=s fees. TxDOT appeals the judgment.

## DISCUSSION

### *Inverse Condemnation*

In its first issue, TxDOT contends that Sunset Valley is not a Aperson @under article 1, section 17 of the Texas Constitution, and therefore is not entitled to the protections of that

provision.[1] However, the judgment recites two additional grounds for the district court=s ruling on

Sunset Valley=s inverse condemnation claim:

> Having considered the claim of inverse condemnation, the Court finds that:
>
> a. Defendants occupied and appropriated a portion of Jones Road from the Plaintiff City of Sunset Valley, and destroyed Jones Road where it intersects with Brodie Lane;
>
> b. This occupation, appropriation and destruction was uncompensated and in violation of the Texas Transportation Code, the Texas common law of trespass and nuisance and Art. I, ' 17 of the Texas Constitution. . . .

---

[1] Article 1, section 17 of the Texas Constitution provides:

> No *person*=s property shall be taken, damaged or destroyed for use or applied to public use without adequate compensation being made, unless by the consent of such *person*; and, when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money. . . .

Tex. Const. art. 1, ' 17 (emphasis added).

When a separate and independent ground that supports a judgment is not challenged on appeal, the appellate court must affirm the lower court=s judgment. *San Antonio Press v. Custom Bilt Mach.*, 852 S.W.2d 64, 65 (Tex. App.CSan Antonio 1993, no writ); *Herndon v. First Nat=l Bank of Tulia*, 802 S.W.2d 396, 400 (Tex. App.CAmarillo 1991, writ denied); *see also Nobility Homes of Tex., Inc. v. Shivers*, 557 S.W.2d 77, 83 (Tex. 1977). Because TxDOT does not challenge the district court=s ruling that TxDOT=s occupation, appropriation and destruction of Jones Road was in violation of the transportation code[2] and the common law of trespass and nuisance, we must affirm the district court=s judgment on these unchallenged, separate, and independent grounds.

Even if TxDOT had challenged all three grounds for the district court=s ruling on appeal, Conclusion of Law No. 6 states AThe occupation, appropriation and destruction of Jones Road without compensation to the City of Sunset Valley violated the Texas Transportation Code.@ Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Westech Eng=g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196 (Tex. App.CAustin 1992, no writ). Incorrect conclusions of law will not require reversal, however, if the controlling findings of fact will support a correct legal theory. *Id.*; *Valencia v. Garza*, 765 S.W.2d 893, 898 (Tex. App.CSan Antonio 1989, no writ). Moreover, conclusions of law may not be reversed unless they are erroneous as a matter of law. *Westech*, 835 S.W.2d at 196.

---

[2] While TxDOT does not expressly challenge the district court=s ruling concerning the transportation code in the wording of any issue, its discussion of its first issue includes the contention that Athe Transportation Code expressly excludes cities from its provisions relating to compensation.@ We disagree.

Section 203.058(a) of the transportation code requires TxDOT to pay adequate compensation to a state agency for the acquisition of that agency=s property:

> If the acquisition of real property, property rights, or material by the department from a state agency under this subchapter will deprive the agency of a thing of value to the agency in the exercise of its functions, adequate compensation for the real property, property rights, or material shall be made.

Tex. Transp. Code Ann. ' 203.058(a) (West 1999). The transportation code defines Astate agency@ as Aa department or agency of this state.@ *Id.* ' 203.001(4). The Texas Supreme Court has held that municipal corporations such as Sunset Valley are agencies of the State. *See Proctor v. Andrews*, 972 S.W.2d 729, 734 (Tex. 1998) (AMunicipal corporations [including home rule cities] are created for the exercise of certain functions of government. . . . In so far as their character is governmental, they are agencies of the state, and subject to state control.@). Section 203.058(a), therefore, clearly entitles Sunset Valley to adequate compensation for TxDOT=s Aoccupation, appropriation and destruction of Jones Road.@ In light of the standards set out above, we cannot say that Conclusion of Law No. 6 is erroneous. Because TxDOT failed to challenge all three grounds for the district court=s ruling on appeal, and because we hold that the judgment can be upheld on the ground that the transportation code entitles Sunset Valley to adequate compensation, we overrule TxDOT=s first issue. *See* Tex. R. App. P. 47.1.

However, section 203.058(e) of the code provides that the amount of adequate compensation paid to a state agency is to be determined by the General Land Office: AIf the department and state agency are unable to agree on adequate compensation, the General Land Office shall determine the fair, equitable, and realistic compensation to be paid.@ Tex. Transp. Code Ann. '

**6**

203.058(e). Jurisdiction can be raised at any point in the proceedings by either the parties or the court *sua sponte*. *Texas Ass=n of Bus. v. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Buffalo Realty Corp. v. Enron Corp.*, 906 S.W.2d 275, 277 (Tex. App.CAmarillo 1995, no writ). While section 203.058(e) does not deprive the district court of jurisdiction to determine *whether* Sunset Valley is entitled to adequate compensation, the district court did not have jurisdiction to decide *how much* compensation the city is entitled to receive. *See* Tex. Transp. Code Ann. ' 203.058(e). Therefore, we reverse the district court=s damage award and remand the case accordingly.

### Exclusion of Evidence

In its second issue, TxDOT contends that the trial court abused its discretion by excluding evidence of a 1996 settlement agreement (Athe Agreement@) as it was directly relevant to the necessity for, and cost of, substitute facilities for Jones Road. The Agreement resulted from a zoning dispute between Sunset Valley and the J.D. Weaver Family Limited Partnership (Athe Weaver Family@). The Weaver Family, a landowner and developer in Sunset Valley, sought the city=s approval to rezone and subdivide portions of its property for development. The Agreement required Sunset Valley to approve the Weaver Family=s development plans and construct a roadway connecting two other roads at an intersection with Jones Road. In exchange, the Weaver Family agreed to donate the land for the roadway.

The district court sustained Sunset Valley=s objection that the evidence concerning the Agreement required extensive facts regarding a separate lawsuit not directly relevant to the suit at bar. *See* Tex. R. Evid. 402. In addition, the district court sustained the city=s objection that the

evidentiary value of the Agreement would be far outweighed by the danger of confusing and misleading the jury and causing undue delay. *See* Tex. R. Evid. 403.

The admission and exclusion of evidence are within the sound discretion of the trial court. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995); *Waldrep v. Texas Employers Ins. Ass=n*, 21 S.W.3d 692, 703 (Tex. App.CAustin 2000, pet. denied). We will not reverse a ruling excluding evidence simply because we disagree with the decision. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Waldrep*, 21 S.W.3d at 703. The party complaining of the exclusion of evidence must show that the trial court erred and that the error probably resulted in an improper judgment. *See* Tex. R. App. P. 44.1; Tex. R. Evid. 103(a); *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989). A successful challenge to an evidentiary ruling usually requires the complaining party to show, based on the entire record, that the judgment turns on the challenged evidence. *Alvarado*, 897 S.W.2d at 753-54.

At trial, TxDOT contended that the Agreement was admissible because it established the reason for Sunset Valley=s construction of a replacement road for Jones Road:

> [T]hey built this road in 1998 in theCbecause they had to, not because of Jones Road being cut but because they had to because they entered an agreement to build it. And we think that=s very relevant to the necessity of the roadway under the substitute of facilities doctrine. They didn=t build it because of the need for traffic; they built it because they agreed to build it. That=s what this agreementCthat=s why it=s relevant, Judge.

On appeal, TxDOT contends that the district court erred by refusing to admit the Agreement into evidence because it was Adirectly relevant to the issues of necessity and cost of substitute facilities@and because Acompleted agreements are ordinarily admissible.@ TxDOT does not provide, and we are

**8**

unaware of, any place in the trial record reflecting its argument that A[a]lthough offers of compromise or void compromise agreements are not admissible in evidence, completed agreements are ordinarily admissible.@ Because the record reflects that TxDOT makes this argument for the first time on appeal, it cannot serve as the basis for TxDOT=s appellate complaint. *See* Tex. R. App. P. 33.1(a). Further, the record reflects Sunset Valley=s argument that the Agreement was irrelevant and that its evidentiary value would be far outweighed by the danger of confusing and misleading the jury:

> As you can see, there=s a lot of consideration that the City gave in order to get donations of land. And it=s unfair to characterize it as free land that the City got. The City did give its consideration back for the land in receipt of the roadway. . . . And believe me, the other lawsuit [between Sunset Valley and the Weaver Family] is very convoluted and there=s questions now about who owns the right-of-way. And the otherCother matter is it=sCyou know, if the question is, is there an objective need for the roadway, and then if there is a need, what=s the cost, just seems to be irrelevant to the question of need or actual cost of the roadwayCI mean, what the cost should have been in 1991.

In light of Sunset Valley=s arguments concerning the Agreement=s relevance to the cost of replacing Jones Road in 1991 and the danger of misleading the jury, we cannot say that the district court abused its discretion in refusing to admit the Agreement into evidence. Finally, TxDOT has failed to show, based on the entire record, that the judgment of the district court turned on the exclusion of the Agreement. *See* Tex. R. App. P. 44.1(a). Accordingly, we overrule its second issue.

### *Administrative Rules Violations Claim*

In its third issue, TxDOT argues that the district court erred by granting a declaratory judgment that TXDOT and its named officials violated environmental regulations relating to noise and lighting from the expansion of Highway 290. The district court=s final judgment states:

ATherefore, pursuant to Tex. Civ. Prac. & Rem. Code ' 37.001 *et seq.*, and Tex. Gov=t Code ' 2001.038, IT IS HEREBY DECLARED THAT: . . . Defendants failed to [comply with numerous sections of Title 43 of the Texas Administrative Code].@

Section 37.001 of the Texas Civil Practice and Remedies Code (The Uniform Declaratory Judgments Act) does not enlarge the jurisdiction of Texas courts. *See State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994). Similarly, section 2001.038 of the Texas Government Code does not confer jurisdiction upon a court to determine whether an administrative agency has complied with the administrative code: AThe validity or applicability of a rule . . . may be determined in an action for declaratory judgment if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff.@ Tex. Gov=t Code Ann ' 2001.038(a) (West 2000). The plain language of section 2001.038 confers jurisdiction upon a district court to resolve two issues: (1) whether a rule is *valid*, and/or (2) whether a rule is *applicable*. *See Texas Gen. Indem. Co. v. Texas Workers= Comp. Comm=n*, 36 S.W.3d 635, 637 (Tex. App.CAustin 2000, no pet.); *see also Continental Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 398 (Tex. 2000) (AOur objective in construing a statute is to determine and give effect to the Legislature=s intent. . . . In so doing, we look first to the plain and common meaning of the statute=s words.@). In this case, the district court did not address either of these considerations; instead, it determined whether TxDOT=s actions *complied* with certain sections of the administrative code. Neither section 37.001 nor section 2001.038 confers jurisdiction upon the district court to grant a declaratory judgment on this issue.

ANo right of judicial review of agency action exists unless a statute provides for such review, the action violates a constitutional right, or the action adversely affects a vested property right.@ *Continental Cas. Ins. Co.*, 964 S.W.2d at 779. Because neither the district court nor Sunset Valley points to a statutory grant of jurisdiction for the district court to review TxDOT=s compliance with the rules, we will sustain TxDOT=s third issue unless its actions violate a constitutional right or adversely affect a vested property right of the city=s.

Contrary to Sunset Valley=s assertion, we did not hold in our opinion addressing TxDOT=s interlocutory appeals Athat vested property rights, common law rights, and constitutional rights were affected by [TxDOT=s] violations of their own environmental rules.@ Again, in that opinion, we addressed the narrow issues of standing and sovereign immunity; we expressly declined to determine Awhether Sunset Valley should *prevail on the merits* of its case.@ *City of Sunset Valley*, 8 S.W.3d at 730. Because Sunset Valley does not point to any authority providing that Athe right to regulate lighting and minimize sky glow @is considered a constitutional or vested property right, we sustain TxDOT=s third issue. *Cf. Chemical Bank & Trust Co. v. Falkner*, 369 S.W.2d 427, 433 (Tex. 1963) (holding party has vested property right in charter); *Brazosport Sav. & Loan Ass=n v. American Sav. & Loan Ass=n*, 342 S.W.2d 747, 750-51 (Tex. 1961) (holding franchise which has been invested in is vested right); *Bohannan v. Texas Bd. of Criminal Justice*, 942 S.W.2d 113, 117 (Tex. App.CAustin 1997, writ denied) (holding plaintiff=s claim that restoration of good conduct time is vested property interest is not Aindisputably meritless@).[3]

---

[3] In a letter brief, Sunset Valley contends that A[TxDOT=s] interpretation and application of their own rules potentially interferes with Sunset Valley=s *right and privilege* to abate nuisances.@ (Emphasis added.) Assuming the cases cited by Sunset Valley support this contention, the terms

***Equal Protection***

In its fourth issue, TxDOT challenges Cowan=s and Hurwitz=s standing to bring equal protection claims for TxDOT=s failure to place city limit and exit signs on the stretch of Highway 290 through Sunset Valley. Specifically, TxDOT contends that Cowan and Hurwitz failed to plead and prove a special injury concerning the absence of ACity of Sunset Valley@ signs. We agree.

The issue of standing is a legal question which we review *de novo. El Paso Cmty. Partners v. B&G/Sunrise Joint Venture*, 24 S.W.3d 620, 624 (Tex. App.CAustin 2000, no pet.). A lack of standing deprives a court of subject matter jurisdiction because standing is an element of such jurisdiction. *Benker v. Texas Dep=t of Ins.*, 996 S.W.2d 328, 330 (Tex. App.CAustin 1999, no pet.) (citing *Texas Ass=n of Bus.*, 852 S.W.2d at 444-45). A plaintiff must plead facts that affirmatively demonstrate standing; that is, the plaintiff must affirmatively show jurisdiction. *Id.* To establish standing, one must show a justiciable interest by alleging actual or imminent threat of injury peculiar to one=s circumstances and not suffered by the public generally. *Id.* A[W]here the sole object of a suit is for the benefit of the public at large and no citizen is to be affected differently from all other citizens,

---

Aright and privilege @differ from constitutional or vested rights. A Avested right@is A[a] right that so completely and definitely belongs to a person that it cannot be impaired or taken away without the person=s consent.@ *Black=s Law Dictionary* 1324 (7th ed. 1999). Because the city does not provide a single source of authority for the contention that its Aright and privilege to abate nuisances@is vested or constitutional, we sustain TxDOT=s third issue. *See* Tex. R. App. P. 38.1(h).

an individual cannot institute a cause of action because he has no justiciable interest.@ *Hardy v. Hannah*, 849 S.W.2d 355, 357 (Tex. App.CAustin 1992, writ denied).

Community injuries are similar injuries experienced by all or most of the properties in a given community or section. *Felts v. Harris County*, 915 S.W.2d 482, 485 (Tex. 1996). A community injury does not constitute Aan injury peculiar to one=s circumstances.@ *See id.* ACommunity damages are not connected with the landowner=s use and enjoyment of property and give rise to no compensation.@ *Id.*

In their September 30, 1999, third amended plea in intervention, Cowan and Hurwitz contended that they had standing to intervene in the action against TxDOT:

1. Intervenor Terrance Cowan is a resident and property owner within Sunset Valley, where he serves as Mayor. Mr. Cowan=s home is located north of Highway 290, a short distance from the highway. Besides suffering discrimination and injuries in common with other residents of Sunset Valley as a result of the conduct of Defendants, his property is peculiarly afflicted by noise and light from Highway 290. In addition, Mr. Cowan has had his pedestrian access to and from most of the city destroyed by Defendants.

2. Intervenor Donald Hurwitz is a resident of and property owner within Sunset Valley, where he serves on the City Council. He enjoys the privileges and rights common to citizens of Sunset Valley and has been affected and harmed by the discrimination of Defendants against Sunset Valley and its residents. In common with other residents of Sunset Valley, Mr. Harwitz is affected by the noise and light pollution of Highway 290.

With regard to the lack of city limit and exit ramp signs, the plea in intervention states:

For each of the following municipalities within Travis County, TxDOT posted city-limit signs on the main lanes of state highways that traverse them: Austin, Bee Cave, Briarcliff, Cedar Park, Creedmore, Jonestown, Lago Vista, Lakeway, Manor, Mustang Ridge, Pflugerville, Rollingwood, San Leanna and West Lake Hills. Sunset Valley,

alone among all Travis County Municipalities, is the only city for which this basic signage is not provided. . . . With respect to the Sunset Valley ramps, TxDOT has refused to erect signs notifying motorists as to the proper exit ramp for travel to Sunset Valley. This is a unique discrimination that is not generally imposed upon other like cities.

During trial, Cowan testified concerning the problems associated with the lack of city limit and exit signs in Sunset Valley: AWe=ve had problems with people findingCfinding us and getting to city hall.@

In addition, Hurwitz testified as follows:

I=ve been a part of a lot of small towns in a lot of small areas, and I think it=s important to have a cohesiveness and people recognize where we are. There=s other issues as well. I have a lot of friends in Austin and they have a hard time finding us, and particularly since the freeway=s been changed, because it used to be a little simpler to explain to them how we got there. It=s also important from a commercial standpoint, because we have a lot of shopping there and that helpsChelps us withCwith location, and some of our merchants say that they=re in Sunset Valley. I think that=s pretty important as well.

Finally, Finding of Fact No. 23 states:

The Court finds that Defendants have treated Mr. Cowan and Mr. Hurwitz, as residents of the City of Sunset Valley, disparately when compared to the residents of other municipalities by failing to erect on the main lines of Highway 290 city limit signs and signs designating the proper exit ramp to use to travel to Sunset Valley.

As they relate to the lack of city limit and exit signs, Cowan=s and Hurwitz=s pleadings, Finding of Fact No. 23, and the intervenors= testimony at trial refer to injuries that are no different than those experienced by all citizens of Sunset Valley. The pleadings repeatedly recite that Cowan and Hurwitz are suffering injuries Acommon with other residents of Sunset Valley@ and Aas residents of Sunset Valley.@ Finding of Fact No. 23 limits the finding of disparate treatment to Cowan and

**14**

Hurwitz Aas residents of the City of Sunset Valley.@ The intervenors= testimony concerning the absence of signs clearly describes injuries borne by the entire community of Sunset Valley. *See Felts*, 915 S.W.2d at 485. Based on our review of the pleadings, the district court=s findings of fact, and the testimony at trial, we hold that Cowan and Hurwitz failed to plead and prove a special injury, or Aan injury peculiar to one=s circumstances and not suffered by the public generally.@ *See Benker*, 996 S.W.2d at 330. Accordingly, we sustain that portion of TxDOT=s fourth issue relating to Cowan=s and Hurwitz=s standing to intervene in Sunset Valley=s equal protection action regarding the absence of city limit and exit signs.

TxDOT also contends that there is no evidence to support the district court=s finding that the construction of high mast floodlights for highway lighting resulted in the disparate treatment of Cowan and Hurwitz; alternatively, TxDOT contends that there is no evidence to support the district court=s conclusion that Cowan=s and Hurwitz=s disparate treatment was not justified by a rational basis. Finding of Fact No. 24 states: AThe Court finds the Defendants [sic] decision to erect and maintain high mast floodlights within and surrounding the City of Sunset Valley singles out Mr. Cowan and Mr. Hurwitz, as residents of the City, for disparate treatment.@ Because we attach to findings of fact the same weight that we attach to a jury=s verdict upon jury questions, we review Finding of Fact No. 24 for the legal and factual sufficiency of the evidence. *Westech*, 835 S.W.2d at 195.

The record reflects that Nancy Clanton, a lighting engineer, testified regarding the problems associated with the use of high mast floodlights for highway lighting on the portion of Highway 290 in Sunset Valley. Clanton testified that she had never seen floodlights used for highway

**15**

lighting and that the roadway lighting through Sunset Valley was the worst she had ever seen. Clanton also testified that the stretches of Highway 290 on either side of Sunset Valley consisted of proper highway fixtures pointing at the road. In addition to Clanton=s testimony, Cowan testified as follows:

> The floodlights from 290 shine directly into my property, particularly the portion of my property that=s in front of my house. That=s on the back of the lot. As a matter of fact, at midnight or 3:00 in the morning, I can read a newspaper from those floodlights on my lot. . . . When the floodlights went up, that changed the rural character of my home. In addition, it also created for me a safety concern in that at night, because it=s lit up all the time, I=m concerned about letting my daughters or my wife go out beyond the house, beyond the trees into that area, because anybody passing through there can see them. It=s like they=re spotlighted there.

TxDOT=s discussion on this portion of its issue contains no authority. *See* Tex. R. App. P. 38.1(h). The citations to the record in its brief reflect the testimony of Robert Stuard, TxDOT=s engineer, to the effect that Ain the normal course of business >anything that we do we don=t want to create a nuisance=@ and that Awe try to incorporate into our design how we=re actually going to handle traffic and build the project with the least impact on businesses and homes that are nearby.@ Based on our review of the record, we hold that Finding of Fact No. 24 is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Westech*, 835 S.W.2d at 195.

Further, Conclusion of Law No. 28 states: AThe Court finds the Defendants= unequal treatment of Mr. Cowan and Mr. Hurwitz regarding high mast floodlights as found in Finding of Fact 24 is neither reasonably nor rationally related to a substantial difference.@ As stated previously, conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory

**16**

supported by the evidence.  *Westech*, 835 S.W.2d at 196.  An appellate court will not reverse even an incorrect conclusion of law if the controlling findings of facts will support a correct legal theory.  *Id.*; *Valencia v. Garza*, 765 S.W.2d 893, 898 (Tex. App.CSan Antonio 1989, no writ).  Moreover, conclusions of law may not be reversed unless they are erroneous as a matter of law.  *Westech*, 835 S.W.2d at 196.

In its brief, TxDOT contends that its lighting expert, Karl Burkett, established the rational basis for the lighting system in Sunset Valley.  Burkett testified concerning the advantages of high mast lighting and characterized floodlights and high mast fixtures as Astate of the art.@  However, the record of his testimony reflects that Burkett did not specifically articulate a rational basis for the use of high mast *flood*lighting fixtures like those on the stretch of Highway 290 through Sunset Valley.

In response to TxDOT=s arguments concerning Burkett=s testimony, Sunset Valley emphasizes that AAppellees have no complaint over the high masts; rather their complaint is with the fact that floodlights are placed atop these masts.@[4]  In fact, Burkett expressly testified that the high mast floodlights on the stretch of Highway 290 through Sunset Valley do not meet TxDOT=s current lighting standards:

---

[4] The lack of Burkett=s testimony on the subject of high mast *flood*lighting is illustrated in the following exchange on redirect examination:

Q:  Okay.  Is high mast lighting used on other roadways?

A:  Yes.

Q:  And is it used in other states?

A:  Yes.

Q: The high mast floodlights that currently exist in the City of Sunset Valley, they do not meet current design standards?

A: That is correct.

Further, Clanton testified that the use of high mast floodlights caused glare:

Q: Now, theseCthis lighting system that you observed in Sunset Valley with the floodlighting and everything, does it have any implications for highway safety?

A: The implications that I would see with highway safety is when you introduce glare on a highway, you have theCthe phenomenon, as I talked about it earlier, calledCyou could either have discomfort glare, which is not as common because you need quite a bit of light to really cause discomfort, but there definitely could be disability glare, where when light comes in to your eye and gets trapped, you cannot see beyond.

TxDOT=s arguments address the rational basis for the use of high mast lighting generally. TxDOT does not provide evidence of highway characteristics unique to that stretch of Highway 290 through Sunset Valley justifying the use of high mast floodlights. Based on our review of the record, we cannot say that Conclusion of Law No. 28 is erroneous as a matter of law. Accordingly, the remainder of TxDOT=s fourth issue is overruled.

***Sovereign Immunity***

In its fifth and final issue, TxDOT contends that appellees= nuisance claims based on the use of high mast floodlights are barred by sovereign immunity. TxDOT argues appellees have failed to discharge their burden of pleading and proving TxDOT=s waiver of sovereign immunity, and that the district court erred in allowing them to recover for nuisance.

**18**

Generally, state agencies are immune from suit unless that immunity is waived. *Texas Dep=t of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000). However, A[g]overnmental entities may be liable for nuisances created or maintained in the course of non-negligent performance of governmental functions.@ *Wickham v. San Jacinto River Auth.*, 979 S.W.2d 876, 880 (Tex. App.CBeaumont 1998, no pet.). A>[N]on-negligence= means beyond negligence, as in gross negligence or an intentional act. But if a nuisance is caused by the negligent performance of a governmental function, then the governmental entity is protected from liability because of governmental immunity.@ *Tarrant County v. English*, 989 S.W.2d 368, 374-75 (Tex. App.CFort Worth 1998, pet. denied).

A nuisance is defined as Aa condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it.@ *Montgomery County v. Fuqua*, 22 S.W.3d 662, 668 (Tex. App.CBeaumont 2000, pet. denied). ATo maintain a cause of action for nuisance, a plaintiff must be able to show the alleged nuisance is inherent in the condition or thing itself, beyond that arising from alleged improper or negligent use.@ *Id.*

The jury found that the use of high mast floodlights as roadway lighting constituted a nuisance, and because there is more than a scintilla of evidence to support that finding, we will uphold it. *See Able*, 35 S.W.3d at 613. Further, Finding of Fact No. 16 states:

> The Court finds the Defendants have installed, operated and maintained floodlights (rather than roadway lights) on high masts on Highway 290 within and near Sunset Valley, in a manner which *intentionally and knowingly* causes bright light to shine off of and away from the highway and directly onto the homestead of Plaintiff-Intervenor

**19**

Cowan and the properties of others living within residential neighborhoods near Highway 290.

(Emphasis added.)

Because findings of fact are reviewed by the same standards as jury findings, we uphold Finding of Fact No. 16. *See Workers Union v. Arriba, Ltd.*, 882 S.W.2d 576, 582 (Tex. App.CHouston [1st Dist.] 1994, no writ). In light of the evidence that Cowan complained to TxDOT about the nuisance created by the direction of the floodlights, accompanied by TxDOT=s failure to remedy the situation, we hold that TxDOT was amenable to suit under the theory of non-negligent nuisance. Therefore, we overrule TxDOT=s fifth issue.

**CONCLUSION**

We reverse the district court=s damage award and remand to that court to obtain a determination by the General Land Office in accordance with section 203.058(e) of the Texas Transportation Code. Having sustained TxDOT=s third issue, we reverse that portion of the district court=s judgment declaring that TxDOT violated the administrative code and render judgment denying Sunset Valley=s request for declaratory relief. Further, we reverse the judgment of the district court as to that portion of TxDOT=s fourth issue challenging Cowan=s and Hurwitz=s standing and render judgment that the intervenors take nothing on their equal protection claims regarding the absence of city limit and exit signs. The district court=s judgment is in all other respects affirmed.

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Puryear

Affirmed in Part; Reversed and Remanded in Part; Reversed and Rendered in Part

Filed:   June 13, 2002

Publish