

# NUMBER 13-11-00364-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

ANTONIO M. LACY, TDCJ #594575,                      Appellant,

v.

NORRIS D. JACKSON, ET AL.,                      Appellees.

---

### On appeal from the 36th District Court
### of Bee County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Chief Justice Valdez

Appellant, Antonio M. Lacy, sued appellees, Norris D. Jackson, Hernan Castillo, Jeremy Clark, Raymond Almendarez, and Rodolfo Ruiz, for negligence, conspiracy, and loss of property. The trial court dismissed Lacy's suit pursuant to Chapter 14 of the Texas Civil Practices and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§

14.001–.014 (West 2002). By his sole issue, Lacy contends that the trial court abused its discretion by dismissing his claims. We affirm.

## I.   BACKGROUND

Lacy, an inmate at the McConnell Unit of the Texas Department of Criminal Justice–Institutional Division, sued appellees claiming that they had: (1) conducted a wrongful search of his property for contraband; (2) wrongfully placed him in "pre-hearing detention"; and (3) wrongfully determined that some of his property was contraband and destroyed it. Lacy alleged that appellees acted in retaliation because he had filed administrative grievances.

Lacy filed his original petition on July 30, 2009 and an amended petition on November 5, 2009. On February 1, 2010, appellees filed a motion to dismiss alleging that Lacy had failed to comply with the requirements of Chapter 14 of the Texas Civil Practices and Remedies Code and that his suit was frivolous. *See id.* Lacy filed a response to the motion to dismiss and a second amended original petition on March 12, 2010. On March 22, 2010, Lacy filed a motion to compel discovery requesting the trial court to order appellees to provide "complete answers to and fulfill all requested discovery."

On April 5, 2010, the trial court held a hearing on appellees' motion to dismiss. On April 11, 2010, Lacy filed his application to proceed in forma pauperis, his declaration relating to previous filings, and his motion for default judgment. The trial court dismissed Lacy's case on June 22, 2011. This appeal followed.

## II.   STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's dismissal of an inmate's claim who has filed an affidavit or a declaration of inability to pay costs for an abuse of discretion. *Jackson v. Tex. Dep't of Criminal Justice–Inst. Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Id.* In other words, Lacy must show that the trial court's action was arbitrary or unreasonable. *Id.*

Inmate litigation is governed by the procedural rules set forth in Chapter 14 of the Texas Civil Practice and Remedies Code. *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014; *see also McBride v. Tex. Bd. of Pardons and Paroles*, No. 13-05-559-CV, 2008 Tex. App. LEXIS 1290, at *6 (Tex. App.—Corpus Christi Feb. 21, 2008, pet. denied) (mem. op.). A prison inmate who files suit in a Texas State court pro se and seeks to proceed in forma pauperis must comply with those procedural requirements or risk dismissal of his suit. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.). A trial court may dismiss a suit brought pursuant to Chapter 14 before or after process is served. *Hickman v. Adams*, 35 S.W.3d 120, 123 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

### III.   DISCUSSION

The trial court's order dismissing Lacy's suit shows that the trial court based its dismissal on Lacy's failure to file and complete a competent affidavit regarding previous lawsuits filed, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(1), and Lacy's failure to show that he filed his case before the 31st day after receiving notice of rejection of

3

his Step 2 Grievance.[1] *See id.* § 14.005(b) ("A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system."). On appeal, however, Lacy only challenges the trial court's dismissal on the ground that he did not file and complete a competent affidavit regarding previous lawsuits filed. Lacy does not challenge the trial court's basis for dismissal that he failed to show that he filed his case before the 31st day after receiving notice of rejection of his Step 2 Grievance. *See id.*; *Randle v. Wilson*, 26 S.W.3d 513, 516 (Tex. App.—Amarillo 2000, no pet.) (providing that the trial court must dismiss an inmate's cause of action if it is not filed "within 31 days of the date upon which the complainant received written notice from the pertinent administrative body revealing that the complaint has been rejected").

"Generally speaking, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment." *Gross v. Carroll*, 339 S.W.3d 718, 723 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (affirming judgment of trial court's dismissal of inmate's suit because he did not challenge all grounds on which dismissal could have been based); *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see Tex. Dep't of Transp. v. City of Sunset Valley*, 92 S.W.3d 540, 546 (Tex. App.—Austin 2002) ("When a separate

---

[1] In his unsworn declaration regarding previously filed lawsuits Lacy failed to: (1) "stat[e] the operative facts for which relief was sought"; (2) list the case name, cause number, and the court in which each previously filed suit was brought; (3) identify each party named in each suit; and (4) state the result of each suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(1) (West 2002); *see also Jackson v. Tex. Dep't of Criminal Justice–Inst. Div.*, 28 S.W.3d 811, 814 (Tex. App.—Corpus Christi 2000, pet. denied) ("We hold that when an inmate does not comply with the affidavit requirements of section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous. Our holding advances the purposes for which the Texas Legislature enacted the section on inmate litigation and the special requirements in section 14.004.").

and independent ground that supports a judgment is not challenged on appeal, the appellate court must affirm the lower court's judgment."), *rev'd on other grounds*, 146 S.W.3d 637 (Tex. 2004). Because Lacy does not challenge each ground the trial court relied on to dismiss his suit, he cannot establish that the trial court abused its discretion in dismissing his case.[2] *See Britton*, 95 S.W.3d at 681 ("[I]f an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then (1) we must accept the validity of that unchallenged independent ground, and thus (2) any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment.") (internal citation omitted). We overrule Lacy's sole issue.[3]

## IV. CONCLUSION

We affirm the trial court's dismissal order.

ROGELIO VALDEZ
Chief Justice

Delivered and filed the
9th day of February, 2012.

---

[2] Although Lacy filed pages from his Step 2 grievances, Lacy failed to file an affidavit or unsworn declaration stating when he received notice of rejection of the Step 2 grievances. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(1) (West 2002); *Draughon v. Cockrell*, 112 S.W.3d 775, 776 (Tex. App.—Beaumont 2003, no pet.) (setting out that a trial court does not abuse its discretion in dismissing an inmate's claim when that inmate fails to file an affidavit or unsworn declaration stating the date a grievance was filed and the date a written decision was received).

[3] By a sub-issue, Lacy claims that the trial court abused its discretion because appellees did not file objections to his request for discovery. We construe this as an argument that the trial court failed to rule on his motion to compel discovery. However, because we have determined that the trial court did not abuse its discretion by dismissing Lacy's suit, the issue of discovery is moot.