ACCEPTED
13-15-00039-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
9/30/2015 1:20:38 PM
Dorian E. Ramirez
CLERK

**NO. 13-15-00039-CV**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
9/30/2015 1:20:38 PM
DORIAN E. RAMIREZ
Clerk

**IN THE 13ᵀᴴ COURT OF APPEALS
SITTING IN EDINBURG, TEXAS**

---

DENNIS AMBROSE
*Appellant*

v.

CITY OF BROWNSVILLE, TEXAS AND
PUBLIC UTILITIES BOARD OF BROWNSVILLE, TEXAS.
*Appellees*

---

**APPELLEES' AMENDED BRIEF**

---

TREVINO & BODDEN
805 Media Luna, Suite 300
Brownsville, Texas 78520
956-554-0683 (telephone)
956-554-0693 (fax)
E-mail: etrevino@trevinobodden.com

DAVIDSON TROILO REAM &
GARZA
A Professional Corporation
7550 West I.H.-10, Suite 800
San Antonio, Texas 78229
210-349-6484 (telephone)
210-349-0041 (fax)
E-mail: lream@dtrglaw.com

By: /s/ Eddie Trevino, Jr.
    Eddie Trevino, Jr.
    State Bar No. 20211135

By: /s/ Lea A. Ream
    Lea A. Ream
    State Bar No. 16636750

ATTORNEYS FOR APPELLEE

**APPELLEES REQUEST ORAL ARGUMENT**

# IDENTITY OF PARTIES AND COUNSEL

Appellees submit the following list of names and addresses of all parties and counsel pursuant to Tex. R. App. P. 28.1(a):

Appellant : Dennis Ambrose

Appellees : City of Brownsville, Texas and The Public Utilities Board of Brownsville, Texas

Counsel for Appellant: Ruben R. Pena
SBN 15740900
125 Old Alice Road
Brownsville, Texas 78520
956-546-5775 (telephone)
956-546-5778 (fax)
Riolaw1@aol.com (email)

Counsel for Appellees: Eddie Trevino, Jr.
SBN 20211135
Trevino & Bodden
805 Media Luna, Suite 300
Brownsville, Texas 78520
956-554-0683 (telephone)
956-554-0693 (fax)
etrevino@trevinobodden.com (email)

Lea A. Ream
SBN 16636750
Davidson Troilo Ream & Garza
7550 West IH 10 Suite 800
San Antonio, Texas 78229
210-349-6484 (telephone)
210-349-0041 (fax)
lream@dtrglaw.com (email)

# TABLE OF CONTENTS

**Page**

IDENTITYOF PARTIES AND COUNSEL ..................................................ii

TABLE OF CONTENTS..................................................................iii

INDEX OF AUTHORITIES..........................................................iv, v, vi

STATEMENT OF THE CASE....................................................................2

ISSUES PRESENTED …………………………………………………..2,3

STATEMENT OF FACTS…………………………………………….......3

SUMMARY OF THE ARGUMENT……..………….............................7

ARGUMENT………………………………………………………….8,22

    1. The trial court's order granting Appellees' Plea to the Jurisdiction should be sustained.
    2. The Appellant has waived any and all unasserted bases for jurisdiction.

PRAYER …………………………………………………………………23

CERTIFICATE OF SERVICE....................................................................24

CERTIFICATE OF COMPLIANCE………………………………….......24

APPENDIX………………………………………………………………..25

    Plaintiff's Second Amended Original Petition

# INDEX OF AUTHORITIES

**CASES**                                                                        **PAGE(S)**

*Bland Indep. Sch. Dist. v. Blue*, 34 S.W. 3d 547, 554 (Tex. 2000) ……….8,9

*Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896
(Tex.App.-Dallas 2010, no pet.) ……………………………………………22

*City of Canyon v. McBroom,* 121 S.W.3d 410
(Tex. App. – Amarillo 2003, no pet. h.) ……………………………… 13

*City of Dallas v. Blanton,* 200 S.W.3d 266, 272
(Tex.App.-Dallas 2006, no pet.) …………………………………………17,22

*City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552
(Tex. App. - Fort Worth 2004, pet. denied)…………………………………10

*City of Paris v. Abbott*, 360 S.W.3d 567, 582
(Tex. App.—Texarkana 2011, pet. denied) …………………………….16

*City of San Antonio v. Hardee*, 70 S.W. 3d 207, 212
(Tex. App. San Antonio 2001, no pet.) …………………………………8

*City of San Antonio v. Summerglen Property Owners Ass'n Inc.*,
185 S.W.3d 74 (Tex. App.-San Antonio, 2005, pet. denied) …………………8

*City of Weslaco v. Cantu*, 2004 WL 210790
(Tex. App. – Corpus Christi, 2004, no pet. h.) ………………………………13

*Concerned Cmty. Involved Dev., Inc. v. City of Houston*,
209 S.W.3d 666, 670 (Tex. App.- Houston [14th Dist.] 2006, pet. denied) ….18

*Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003) …..13

*Farrell v. Rose,* 253 N.Y. 73, 170 N.E. 498, 499 (1930) …………………20

*Felts v. Harris County,* 915 S.W.2d 482 (Tex. 1996) ……………………..20

*G.C. & S.F. Ry. v. Fuller,* 63 Tex. 467, 470-71 (1885) ………………........20

*Hardin County Community Supervision and Corrections Department v. Sullivan*, 106 S.W.3d 186, (Tex. App. – Austin 2003, pet. denied) …………………..13

*Hart Bros. v. Dallas County,* 279 S.W. 1111, 1111 (Tex. 1926) ……………20

*In re N.E.B.*, 251 S.W.3d 211, 212 (Tex.App.-Dallas 2008, no pet.) ………..22

*Leatherwood v. Prairie View A&M University*, 2004 WL 253275 (Tex. App. – Houston [1st Dist.], 2004, no pet.) ……………………………….13

*L–M–S Inc. v. Blackwell,* 149 Tex. 348, 233 S.W.2d 286, 289 (1950) ………20

*McIntyre v. Wilson*, 50 S.W.3d 674, 682 (Tex.App.-Dallas 2001, pet. denied) ………………………………………..22

*Smith v. City of League City*, 338 S.W.3d 114 (Tex. App.--Houston [14th Dist.] 2011, no pet.) ……………………………….18

*State v. BP Am. Prod. Co.,* 290 S.W.3d 345, 348 (Tex.App.-Austin 2009, pet. denied) …………………………………………...11

*State v. Holland*, 221 S.W.3d 639, 643 (Tex.2007) …………………………17

*State v. Walker*, 441 S.W.2d 168, 173 (Tex. 1969) …………………………..21

*State v. Whataburger, Inc.*, 60 S.W.3d 256 (Tex. App—Houston [14th Dist.] 2001, pet. denied) ………………………...20

*Suleiman v. Texas Department of Public Transportation,* 2010 WL 2431076 (Tex. App.—Houston [1st Dist.] 2010, no pet.)(mem.op.) …………………..21

*Tex. Natural Res. Conserv. Comm'n v. IT-Davey*, 74 S.W.3d 849, 855 (Tex. 2002) …………………………………………………………………………8

*Texas Dept. of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001) …9

*Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004) …………………………………………………………………9, 10

*Texas Workers' Comp. Comm'n v. Patient Advocates of Tex.*,

136 S.W.3d 643, 658 (Tex. 2004). ……………………………………………15

*Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006) ………………….9

*United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1378 (2010)…16

*Univ. of Texas Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929
(Tex. 1995) ………………………………………………………………15

*Withrow v. Schou*, 13 S.W.3d 37, 40–41
(Tex. App.—Houston [14th Dist.] 1999, pet. denied) …………………….....16

## CONSTITUTION                                      PAGE(S)

TEX. CONST. art. I, § 17 ……………………………………………………17, 21

TEX. CONST. art. I, § 19 …………………………………………………….5, 14

## STATE STATUTES AND RULES                        PAGE(S)

TEX CIV. PRAC. & REM CODE § 51.014 (a)(4) …………………………16

TEX. GOV'T CODE § 2007.002 ……………………………………………6,11

TEX. GOV'T CODE §§ 2007.004(a), .021(b) …………………………………11

TEX. GOV'T CODE §§ 2007.021(b), .022(b) ………………………………....11

TEX. GOV'T CODE § 1502.002 (a) ………………………………………......19

TEX. PROP. CODE § 21.012 …………………………………………….....6, 12

TEX. PROP. CODE § 21.011 ………………………………………………… 14

TEX. R. APP. P. 38.1 …………………………………………………………22

TEX. WATER CODE § 11.035 ……………………………………………….6,22

42 U.S.C. § 1983 …………………………………………………………….5,22

NO. 12-15-00039-CV


IN THE 13TH COURT OF APPEALS
SITTING IN EDINBURG, TEXAS

_____


DENNIS AMBROSE
*Appellant*


v.


CITY OF BROWNSVILLE, TEXAS AND
PUBLIC UTILITIES BOARD OF BROWNSVILLE, TEXAS.
*Appellees*


_____


**APPELLEES' BRIEF**
_____


TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

## STATEMENT OF THE CASE

In this case David Ambrose, Plaintiff in the Trial Court and Appellant herein, filed suit to enjoin the use of his property by the City of Brownsville ("City") and the Public Utilities Board of Brownsville ("BPUB"), Defendants in the Trial Court and Appellees herein, when resaca restoration operations began which were intended to reduce flooding of resacas historically used by Appellees as part of Brownville's water system. Defendants/Appellees filed a Plea to the Jurisdiction claiming Plaintiff/Appellant failed to assert a valid cause of action for which their immunity had been waived. Appellant made efforts to state a cause of action by amending his petition twice to state a claim for which Appellees were not governmentally immune. Following a hearing, the Honorable Janet Leal presiding over the 103rd Judicial District Court of Cameron County, Texas granted Appellees' Plea to the Jurisdiction. In this Appeal, Appellant has only contested the Trial Court's decision in granting the Plea to the Jurisdiction based on two causes of action: inverse condemnation and pursuant to the provisions of the Texas Private Real Property Rights Preservation Act.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

**ISSUE ONE:**

The Trial Court's order granting Appellees' Plea to the Jurisdiction should be sustained.

A. Standard of Review.

B. Appellant failed to plead a waiver of sovereign immunity.

C. Appellant's claim under the Texas Private Real Property Rights Preservation Act is statutorily barred.

D. Appellant's reliance on the Texas Property Code is misplaced—It does not provide a private cause of action or waiver of governmental immunity.

E. Appellant's procedural Due Process Rights, if implicated, have been satisfied.

F. Appellant failed to allege a valid inverse condemnation claim, governmental immunity applies, and the granting of the plea to the jurisdiction should be sustained.

**ISSUE TWO:**

Appellant has waived any and all other bases for jurisdiction.

## STATEMENT OF FACTS

The City of Brownsville, Texas is a municipality incorporated under the laws of the State of Texas. (2nd SCR 4) The Public Utilities Board of Brownsville is the water and electric utility of the City of Brownsville. It is managed by a Board of Directors appointed by the City of Brownsville. (CR 4) Both are political subdivisions under the laws of the State of Texas. (2nd SCR 4)

In connection with its governmental function of providing water to the citizens of Brownsville, Appellees have utilized the city's unique network of resacas to use and store water and collect runoff from storms, and thereby help to prevent flooding of the city. (CR 21-22) As a result of sediment, trash and other debris building up in the resacas, Appellees began an effort to clean, maintain and restore the resacas by implementing the Resaca Restoration Project. (CR 21-22) The Project involved a cleaning and dredging process which allowed debris that had collected in the resacas to be removed. (CR 21-22) Appellees instituted this project to accomplish a number of tasks but the principal reasons were to create additional water capacity and help prevent flooding. (CR 21-22)

Dennis Ambrose (hereinafter "Plaintiff" or "Appellant") was aware of Appellees' plans to clean and maintain the resacas through a dredging process. (CR 8-10) On March 18, 2013, Appellant, through his counsel, sent letters to Appellees objecting to the Resaca Restoration Project planned by Appellees. (CR 8-10)

On November 4, 2013 Appellant filed suit and obtained an *ex parte* Temporary Restraining Order. (CR 4, 31) In his Original Petition Appellant alleged that on or about October 2013, Appellees trespassed on Appellant's property by placing equipment on his property and dredging his resaca without his consent. (CR 5) Appellant alleged that the trespass included the unlawful entry on his property by employees of Appellees and placing equipment. (CR 5) Appellant

alleged that these acts constituted a trespass and that these acts were carried out willfully, maliciously, and oppressively resulting in damages. (CR 5) The purported trespass is on "the water portion" of Appellant's property. (Appellant's Brief 9-10) Appellant claimed that these alleged events caused him to suffer mental anguish and prayed for unspecified damages, exemplary damages and attorneys' fees in addition to injunctive relief. (CR 5)

After receiving notice of Appellant's claims, Appellees answered and filed a plea to the jurisdiction. After a hearing, the Trial Court denied Appellant's request for temporary injunctive relief. (CR 31) Appellant did not appeal this decision.

After Appellant amended his petition, (CR 31), Appellees filed their First Amended Plea to the Jurisdiction asserting that Appellant's cause of action for trespass is barred by sovereign or governmental immunity; Appellant had failed to plead a basis for a waiver of immunity; and Appellant had failed to provide timely notice of claim. (CR 15-18).

Appellant filed his Second Amended Original Petition on December 10, 2014 in which he again asserted a cause of action for trespass, but did not allege any factual basis for a waiver of Appellees' sovereign immunity for his trespass allegation. (CR 26-29)[1]. Appellant included new allegations in paragraph 2.4 of his Second Amended Petition that Defendants violated "his rights under the Texas Constitution Article 1, Section 19, in violation of title 42 USC section 1983, and in

---

[1] See Appendix attached hereto.

violation of his rights under the Texas Private Real Property Rights Preservation Act. Plaintiff would further show that the actions of these Defendants violated his rights under 11.035 of the Texas Water Code, providing that." [sic]. (CR 27) Appellant later makes a passing allegation in Paragraph 3.1 of his Second Amended Petition that Appellees failed to properly condemn Plaintiff's property and violated Sections 21.012 through 21.016 of the Texas Property Code. (CR 28)

The basis that Appellant alleged supports a waiver of governmental immunity is Chapter 2007.002 of the Texas Government Code, 11.035 of the Texas Water Code and a passing reference to a governmental taking. (CR 28) In Appellant's four page pleading, he does not set forth any facts to support any cause of action other than the original cause of action that he asserted for trespass. (CR 27-28) Of significance to this appeal, Appellant did not plead any facts to support the required elements of a taking claim, including the most fundamental of those elements-- that some property of Appellant was taken by Appellees. (CR 27-28)

Appellees filed their Second Amended Plea to the Jurisdiction on December 16, 2014 asserting that the court lacked jurisdiction to hear Appellant's claims because Appellant's pleadings fail to allege or attempt to establish a basis to waive sovereign immunity on the part of Appellees. (2nd SCR 4)

Following a hearing, the Trial Court granted Appellees' Plea to the Jurisdiction by its order on December 29, 2014. (CR 30)

## SUMMARY OF THE ARGUMENT

This suit arises out of the Appellees' efforts to clean and maintain the resacas in Brownsville to allow the resacas to hold more water, protecting its residents against flooding. Appellant opposed this project and began by writing letters expressing his objection. When the letters were unsuccessful, Appellant filed suit for trespass and obtained an *ex parte* temporary restraining order. After receiving notice of Appellant's petition, Appellees opposed the injunctive relief sought by Appellant and the Trial Court refused to enter a temporary or preliminary injunction. Appellees contested the Trial Court's jurisdiction over Appellant's suit because Appellant failed to plead jurisdictional facts or a cause of action that would provide the Trial Court with jurisdiction. Appellant now claims that his suit is premised on inverse condemnation, but yet he failed in the Trial Court to identify anything taken from him by Appellees, much less a compensable taking—a fundamental prerequisite to any claim for inverse condemnation. In reality, Appellant's complaint remains as it began-- an action for trespass which is barred by the Texas Tort Claims Act.

In seeming recognition that the Trial Court lacks jurisdiction over his trespass cause of action, Appellant dropped his trespass claims in his appellate briefing but has instead tried to disguise his claims by labelling them as "sounding in inverse condemnation." In the end, Appellant was unable to articulate a cause of action for inverse condemnation in the Trial Court and still has not articulated,

and cannot articulate, a basis for jurisdiction. Given the absence of a pleading that justifies Appellees' immunity being waived, the Trial Court lacked jurisdiction and correctly granted Appellees' Plea to the Jurisdiction, which this Court should uphold.

## ARGUMENT

**I.  The trial court's order granting Appellees' Plea to the Jurisdiction should be sustained.**

**A.  Standard of Review**

The granting or denial of a Trial Court's ruling on a plea to the jurisdiction is reviewed by the appellate court under a *de novo* standard of review. *Tex. Natural Res. Conserv. Comm'n v. IT-Davey*, 74 S.W.3d 849, 855 (Tex. 2002). To resolve any jurisdictional issues, this Court can consider the pleadings and other relevant evidence. *City of San Antonio v. Summerglen Property Owners Ass'n Inc.,* 185 S.W.3d 74 (Tex. App.--San Antonio, 2005, pet. denied); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W. 3d 547, 554 (Tex. 2000). In cases in which the only issue on the plea to the jurisdiction involves the individual property owners' standing to bring their claims, the court may not consider the merits of the underlying suit. *Summerglen,* 185 S.W.3d at 83; *City of San Antonio v. Hardee*, 70 S.W. 3d 207, 212 (Tex. App.--San Antonio 2001, no pet.).

**B. Appellant Failed To Plead A Waiver Of Sovereign Immunity**

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the asserted claims have merit. *Bland Indep. School Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A governmental unit's sovereign immunity deprives a trial court of subject matter jurisdiction. *Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). Governmental immunity, a derivation of sovereign immunity, shields political subdivisions of the State from suit and liability. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Because immunity from suit deprives a trial court of jurisdiction, a governmental entity properly asserts immunity in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225-26. The plaintiff bears the burden of alleging facts affirmatively proving that the trial court has subject matter jurisdiction. *Texas Dept. of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). While the claims may form the context in which the dilatory plea is raised, the plea should be decided without delving into the merits of the case. *Bland*, 34 S.W.3d at 554.

Appellant must have alleged sufficient facts to invoke the Trial Court's jurisdiction which Appellant acknowledged in his Brief, "In a challenge solely to the pleadings, as here, this Honorable Court must decide if the plaintiff has alleged sufficient jurisdictional facts to show the trial court's subject-matter jurisdiction,

using a liberal construction in favor of the plaintiff." (Appellant's Brief at 11, *citing Miranda*, 133 S.W.3d at 226.)

Curiously, later in his Brief, Appellant seems to have confused the pleading responsibilities of the respective parties in this litigation. In his Brief, he criticizes Appellees for not pleading that Appellant's property was not damaged by the resaca project. (Appellant's Brief at 17). While Appellees contest that Appellant sustained any damage to his property, Appellees had no obligation to file such a pleading, or make such an allegation. Appellees were the defendants in the suit responding to the allegations of Appellant/Plaintiff. If Appellant had alleged that he suffered some damage, or more significantly, if he had alleged that Appellees had taken his property, Appellees would have responded. A review of Appellant's Second Amended Petition makes abundantly clear that he did not make such an allegation. Rather, Appellant failed to meet his obligations to plead facts sufficient to invoke the Court's jurisdiction which he acknowledged was required of him.

Governmental entities, like Appellees, are immune from suit unless the Texas Legislature has expressly consented to suit and thereby waived the governmental entity's immunity. *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App. -- Fort Worth 2004, *pet. denied*). Absent consent to suit, the trial court lacks jurisdiction. *Id*. The Appellant in this proceeding failed to meet the standard for waiver of immunity.

C. **Appellant's Claim Under The Texas Private Real Property Rights Preservation Act Is Statutorily Barred.**

Appellant alleges the Appellees violated his rights under the the Texas Private Real Property Rights Preservation Act ("the Act"), which can be found in Texas Government Code 2007.002 et. seq. (CR 27-28) citing to Texas Government Code 2007.002 as authority that Appellees' immunity from suit has been waived. While this provision does in fact waive immunity from suit in some instances, it does not here. Appellant has not met the specific statutory requirements for jurisdiction under this statutory scheme. Any proceeding under the Act must be filed with its appropriate tribunal 'not later than the 180th day after the date the private real property owner knew or should have known that the governmental action restricted or limited the owner's right in the private real property.'" *State v. BP Am. Prod. Co*., 290 S.W.3d 345, 348 (Tex. App.--Austin 2009, pet. denied) (quoting TEX. GOV'T. CODE §§ 2007.021(b), .022(b)). The Legislature only waived immunity from suit to the extent provided for in the Act; the requirement that suit against a political subdivision be timely filed in district court is jurisdictional. *Id*. §§ 2007.004(a), .021(b); *BP Am. Prod. Co*., 290 S.W.3d at 367 (holding timely filing in proper district court is a jurisdictional requirement for suing a political subdivision pursuant to the Act).

Appellant filed his Second Amended Original Petition on December 10, 2014, in which he first alleged his cause of action under the Act. (CR 27) His

Second Amended Original Petition is complaining of actions and events that occurred on or about September 2013, which conservatively is **436 days** from the date in which Appellant brought forth his claims pursuant to the Act. (CR 27) Therefore, taking Appellant's allegations as true as to his claim under the Act and the date of filing his claim, he has not met the jurisdictional requirements for suit, and any and all claims under the Act are barred.

**D.** **Appellant's Reliance on the Texas Property Code is Misplaced—It Does Not Provide a Private Cause Of Action or Waiver of Governmental Immunity.**

Appellant in his Second Amended Original Petition provides for a "kitchen sink" approach to pleading, attempting to "throw in" many state and federal statutes that relate to condemnation. Appellant cites to Chapter 21 of the Texas Property Code which relates solely to a governmental entity's ability to exercise eminent domain authority, and does not provide for a private right or cause of action, and therefore is insufficient in providing subject matter jurisdiction. (CR 28)

Section 21.012 of the Texas Property Code provides the statutory authority and procedural guidelines for entities that possess "eminent domain authority." "If an entity with eminent domain authority wants to acquire real property for public use but is unable to agree with the owner of the property on the amount of damages, the entity may begin a condemnation proceeding by filing a petition in the proper court." Tex. Prop. Code § 21.012. There is no private right or cause of

action under Chapter 21 of the Texas Property Code that provides an individual the authority to institute suit to force condemnation proceedings. Appellant lacks such authority and lacks standing to file suit based upon these statutes.

When bringing suit against a governmental entity, the plaintiff has the burden to affirmatively plead a valid waiver of immunity from suit in order to vest the trial court with jurisdiction. *Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540 (Tex. 2003). Although the allegations in the Appellant's pleadings are to be liberally construed, the Appellant's live pleading ***must*** demonstrate, not only from the facts alleged, ***but also from references to statutes or other provisions of law***, that the defendant's governmental immunity from suit has been waived. *City of Weslaco v. Cantu,* 2004 WL 210790 (Tex. App. – Corpus Christi, 2004, no pet.); *Leatherwood v. Prairie View A&M University,* 2004 WL 253275 (Tex. App. – Houston [1ˢᵗ Dist.], 2004, no pet.)*; City of Canyon v. McBroom,* 121 S.W.3d 410 (Tex. App. – Amarillo 2003, no pet.); *Hardin County Community Supervision and Corrections Department v. Sullivan*, 106 S.W.3d 186, (Tex. App. – Austin 2003, pet. denied). In the present case, Appellant's pleadings fail to provide a sufficient statutory or other legal provision which affirmatively establishes any waiver of Appellees' immunity from suit.

E.  **Appellant's Procedural Due Process Rights, If Implicated, Have Been Satisfied.**

Appellant further contends that, by failing to follow the procedures set forth in Chapter 21 of the Texas Property Code, Appellees have violated his Procedural Due Process rights under Article I, Section 19 of the Texas Constitution. (Appellant's Brief at 13–15) The Texas Constitution provides that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." TEX. CONST. Art. I, § 19. Chapter 21 of the Texas Property Code sets forth the procedural safeguards the government must follow in exercise its powers of eminent domain. Tex. Prop. Code § 21.011(2015).

Here, however, Appellees never sought to condemn or take Appellant's property. Rather, the City was merely cleaning and restoring the resacas. Accordingly, Appellees had no reason or obligation to follow the procedures set forth in Chapter 21 of the Texas Property Code. Tex. Prop. Code § 21.011, et. seq.

Turning to Article I, § 19 of the Texas Constitution, Appellant has failed to satisfy his burden of first identifying a property interest warranting Due Process protection. A Due Process inquiry requires a two-part analysis: (1) the Court must determine whether Appellant has a liberty or property interest that is entitled to

procedural due process protection; and (2) if so, what process is due. *Univ. of Texas Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995).

In Appellant's Second Amended Petition, he did not identify the deprivation of property he sought to vindicate. His argument before this Court consists entirely of describing the procedures established by Chapter 21 of the Texas Property Code for the exercise of eminent domain by government entities. (Appellant's Brief at 13–15) He presumes that Appellees were obligated to initiate condemnation proceedings under Chapter 21. However, Chapter 21 only governs eminent domain procedures when the government takes private property. Appellees have not taken Appellant's property and Appellant has failed to identify a compensable taking. Accordingly, Appellant has not identified a property interest, the first of the two prong test, that is worthy of procedural due process protection and his reliance on Chapter 21 is misplaced.

Even if the Court found that procedural due process safeguards were triggered, Due Process would be satisfied. Though textually different, Texas courts generally construe the due course of law provision in the same manner as its federal counterpart, the Due Process Clause. *Texas Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 658 (Tex. 2004). Under the Due Process Clause, technical notice is not and has never been the standard for determining whether due process has been afforded to a litigant. "Rather, due process only requires notice, reasonably calculated under the circumstances, to be

given." *Withrow v. Schou*, 13 S.W.3d 37, 40–41 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (*citing Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 82 (1988)).  Actual notice "more than satisfies" due process rights.  *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1378 (2010).

Here, by his own admission, Appellant had actual notice of the Appellees' Resaca Restoration Project months before it commenced.  Appellant states that, on or about March 18, 2013, he had his attorney write to Appellees, objecting to the operation, which letters were attached to his petition.  (Appellant's Brief at 9; CR 8-10).  Appellant then sought and obtained an *ex parte* temporary injunction.  After notice to the City and a hearing, the Trial Court subsequently denied Appellant's request for a preliminary injunction refusing to enjoin the Resaca Restoration Project.  (Appellant's Brief at 9)  Denial of a preliminary injunction can be immediately appealed.  Tex. Civ. Prac. & Rem. Code § 51.014(a)(4).  Appellant did not appeal the Trial Court's refusal of the preliminary injunction and cannot now complain that he has not been afforded due process.  *City of Paris v. Abbott*, 360 S.W.3d 567, 582 (Tex. App.—Texarkana 2011, pet. denied) (concluding that plaintiff who failed to avail himself of the procedures for appeal and opportunity to be heard on the matters at issue "cannot now assert a procedural due process takings claim").

In short, Appellant's procedural due process claim fails for the same reason that his takings claim fails—he has suffered no compensable harm.  Even if his

property rights had been at issue, Appellant's actual notice of Appellees' actions preclude an argument that Appellant's due process rights were violated.

**F.** **Appellant Failed To Allege A Valid Inverse Condemnation Claim, Governmental Immunity Applies, And The Granting Of The Plea To The Jurisdiction Should Be Sustained.**

Appellant's pleadings fail to allege a valid inverse condemnation claim. Article I, section 17 of the Texas Constitution guarantees that "no person's **property** shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made...." TEX. CONST. art. I, § 17 (emphasis added). A takings cause of action consists of three essential elements: (1) an intentional act by the government under its lawful authority (2) resulting in a **taking of the Appellant's property** (3) for public use. *State v. Holland,* 221 S.W.3d 639, 643 (Tex.2007).

**When an Appellant does not allege a valid inverse condemnation claim, as in this case, governmental immunity applies, and the trial court should grant a plea to the jurisdiction.** *City of Dallas v. Blanton,* 200 S.W.3d 266, 272 (Tex.App.--Dallas 2006, no pet.). In this case Appellant completely failed to plead an inverse condemnation claim. His four page Second Amended Petition makes only a cursory reference to a claim for inverse condemnation. He only mentioned a claim for inverse condemnation once in the petition—by name or in substance, when he stated "The conduct of defendants set out above constitute an inverse condemnation without just and fair compensation." (CR 28)

To assert a constitutional claim for inverse condemnation a plaintiff must first and foremost allege that his or her property was taken by the government. In this case, Appellant made **<u>no allegation or even suggestion</u>** that his property was taken by Appellees. Nowhere in his Second Amended Petition does Appellant identify any property taken from him by Appellees, which is an essential and fundamental element of any cause of action for inverse condemnation. "A necessary element of an inverse condemnation claim is that private property was taken for a public use." *Smith v. City of League City*, 338 S.W.3d 114 (Tex. App.--Houston [14th Dist.] 2011, no pet.). "To prove standing, a party must demonstrate that he 'possesses an interest in a conflict distinct from that of the general public, such that that defendant's actions have caused the plaintiff some particular injury.'" *Smith v. City of League City*, 338 S.W.3d 114, 124 (Tex. App.—Houston [14th Dist.] 2014, no petition)(*quoting Williams v. Lara,* 52 S.W.3d 171, 178 (Tex.2001)). "A landowner suffers no compensable injury where the government has not physically appropriated, denied access to, or otherwise directly restricted the use of the landowner's property." *Id. (citing Concerned Cmty. Involved Dev., Inc. v. City of Houston,* 209 S.W.3d 666, 670 (Tex.App.-Houston [14th Dist.] 2006, pet. Denied)). "Standing is a question of law we determine *de novo." Id.*

In this case, Appellees were cleaning and maintaining the resacas to increase water storage capacity and prevent flooding in accordance with the provision of state law which permits a municipality to "improve, enlarge, equip, operate, or

maintain any property, including … resacas...” Texas Gov't Code § 1502.002 (a).

In all likelihood Appellees' actions benefited Appellant's property by helping to prevent flooding, along the resaca by removing trash, debris and excess sediment, not hurt him. The fact that his property was not taken but benefited by Appellees' actions would explain Appellant's failure to articulate a taking claim in his petition.

The only complaint articulated in his petition was that Appellees' had come upon the water portion of the resaca as part of their cleaning and dredging process. (Appellant's Brief 9-10) These allegations formed the basis of Appellant's trespass claim which was barred by governmental immunity and which Appellant has not raised in this appeal.[2] But, even giving Appellant great latitude in assuming that his alleged taking claim is based upon Appellees' access to his portion of the resaca, such a claim would not support a claim for inverse condemnation. Effectively, such a claim would seem to be for some type of transitory or passing entry on or through the resaca as part of the dredging process. Such a claim, even if it had been articulated by Appellant, would not support a claim for inverse condemnation because such alleged harm is viewed as a community loss and is not a compensable taking. The Texas Supreme Court has "concluded that injuries to property received or sustained in common with the

---

[2] Claims for trespass are barred by the Texas Tort Claims Act. *Harris County v. Cypress Forest Pub. Util. Dist.*, 50 S.W.3d 551, 554 (Tex.App.-Houston [14th Dist.] 2001, no pet.).

community in which the property is situated, and resulting from the operation of a public work, are community in nature. Community damages are not connected with the landowner's use and enjoyment of property and give rise to no compensation." *Felts v. Harris County*, 915 S.W.2d 482 (Tex. 1996)(*citing G.C. & S.F. Ry. v. Fuller*, 63 Tex. 467, 470–71 (1885)).

In *State v. Whataburger, Inc.*, 60 S.W.3d 256 (Tex. App—Houston [14th Dist.] 2001, pet. denied), the Court of Appeals explained:

> The Texas Constitution provides that no person's property "shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made." Tex. Const. art. I, § 17. Translating this concept into a workable scheme that produces a "just, fair, and full compensation has often engrossed the best thought of the courts." *Hart Bros. v. Dallas County,* 279 S.W. 1111, 1111 (Tex.1926). Because all enhancements, whether public or private, are rarely achieved without some inconvenience, not all "damages" are compensable. Increased access to property often enhances its value; the inconvenience and temporary impairment which a property owner suffers when street improvements are made is simply an incident of city life and must be endured. "The law gives him no right to relief, recognizing that he recoups his damage in the benefit which he shares with the general public in the ultimate improvement which is being made." *L–M–S Inc. v. Blackwell,* 149 Tex. 348, 233 S.W.2d 286, 289 (1950) (*quoting Farrell v. Rose,* 253 N.Y. 73, 170 N.E. 498, 499 (1930)). Thus, a property owner may not generally recover for increased traffic noise, dust, diversion of traffic, circuity of travel, reduced visibility by the public, etc. *Felts v. Harris County,* 915 S.W.2d 482, 485 (Tex.1996); *State v. Schmidt,* 867 S.W.2d 769, 774 (Tex.1994).

The fact that Appellant has not suffered any compensable taking is further exemplified by his allegations for damages. The only form of

damages he has articulated in his petition are for alleged "mental anguish."

(CR 27) Mental anguish damages are not recoverable in an action for condemnation or inverse condemnation. *State v. Walker*, 441 S.W.2d 168, 173 (Tex. 1969).[3]

Finally, in his Second Amended Petition Appellant states that the acts of the Appellees were "illegal and unlawful action." (CR 27-29) By stating that the actions of the Appellees were outside the bounds of any legal authority, Appellant has plead allegations that are contrary to a cause of action for inverse condemnation. Taking the Appellant's pleadings as true, and the illegal acts of the Appellees were unlawful and outside the bounds of any legal authority, then their actions cannot constitute inverse condemnation. Therefore, despite not properly alleging a claim under Article I, Section 17 of the Texas Constitution, Appellant has failed to plead that the Appellees were acting within their "lawful authority" and instead plead that Appellees were acting outside their legal authority. Because Appellant failed to properly plead a cause of action for inverse condemnation governmental immunity applies, and the Trial Court properly granted Appellees'

---

[3] The causes of action and damages sought by the landowner in *Suleiman v. Texas Department of Public Transportation* are very similar to those sought by Appellant in this case. *Suleiman v. Texas Department of Public Transportation,* 2010 WL 2431076 (Tex. App.—Houston [1st Dist.] 2010, no pet.)(mem.op.). Suleiman alleged claims for inverse condemnation and for trespass based in part on TXDOT's removal of dirt, excavation on Appellant's property and emotional distress, among other claimed damages. *Id.* at *7-10. The court of appeals affirmed the trial court's award of a plea to the jurisdiction on these claims and damages. *Id.* at *10.

Plea to the Jurisdiction and this Court should affirm its decision. *City of Dallas,* 200 S.W.3d at 272.

## II. The Appellant Has Waived Any And All Unasserted Bases For Jurisdiction.

To present an issue to this Court, a party's brief shall contain, among other things, a concise, non-argumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contentions made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1; *McIntyre v. Wilson,* 50 S.W.3d 674, 682 (Tex.App.--Dallas 2001, pet. denied). Existing legal authority applicable to the facts and the questions we are asked to address must be accurately cited and analyzed. *Bolling v. Farmers Branch Indep. Sch. Dist.,* 315 S.W.3d 893, 896 (Tex.App.--Dallas 2010, no pet.). When a party fails to adequately brief a complaint, he waives the issue on appeal. *In re N.E.B.,* 251 S.W.3d 211, 212 (Tex.App.-Dallas 2008, no pet.).

Appellant asserted claims, in the Trial Court, under 42 USC Section 1983, Texas Water Code Section 11.035, and a common law cause of action for trespass. (CR 27-28) Appellant has not asserted on appeal that jurisdiction may be granted pursuant to these claims, and thus any appeal for jurisdiction on the basis of said claims is waived in total. *Id.*

## CONCLUSION

On the face of Appellant's pleadings Appellant failed to allege or attempt to establish any waiver of governmental immunity on the part of the Appellees, asserted claims under statutory authority that does not provide for a valid cause of action and failed to properly plead jurisdictional facts that would support a cause of action under inverse condemnation. Appellant properly framed the issue to be decided by this Court in his Brief, namely, "whether plaintiff has alleged sufficient jurisdictional facts to show the trial court's subject-matter jurisdiction." It is abundantly clear that Appellant has failed to allege sufficient facts to establish the court's jurisdiction. Consequently, Appellant's claims are jurisdictionally barred and the trial court's order granting Appellees' Amended Plea to the Jurisdiction should be affirmed.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Appellees, the City of Brownsville, Texas and Public Utilities Board of Brownsville, Texas, respectfully request that the Court affirm the Trial Court's granting of the Brownsville's Plea to the Jurisdiction. The City of Brownsville and Public Utilities Board of Brownsville, Texas further respectfully request that costs be taxed against Appellant, Dennis Ambrose, and for all other relief to which City of Brownsville and Public Utilities Board of Brownsville, Texas may be entitled.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded via electronic mail on this the 30th day of September, 2015 to:

Ruben R. Pena
125 Old Alice Road
Brownsville, Texas 78520
956-546-5778 (fax)
Riolaw1@aol.com

/s/ Eddie Trevino, Jr.
Eddie Trevino, Jr.


/s/ Lea A. Ream
Lea A. Ream


## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word 2010 and contains 5,130 words, as determined by the computer software's 19 word-count function, including the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).


Lea A. Ream
Lea A. Ream

# APPENDIX

Plaintiff's Second Amended Original Petition

FILED
2013-DCL-07168
12/10/2014 4:45:29 PM
Aurora De La Garza
Cameron County District Clerk
By Teodula Garza Deputy Clerk
3447792

CAUSE NO. 2013-DCL-7168-D

| DENNIS L. AMBROSE, | § | IN THE 103rd  JUDICIAL |
| Plaintiff | § | |
| v. | § | DISTRICT COURT OF |
| | § | |
| CITY OF BROWNSVILLE, TEXAS & | § | |
| THE CITY OF BROWNSVILLE PUBLIC | § | |
| UTILITY BOARD, | § | CAMERON COUNTY, TEXAS |
| Defendants | § | |

## PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, DENNIS L. AMBROSE, hereinafter referred to as Plaintiff, complaining of the CITY OF BROWNSVILLE, TEXAS and the CITY OF BROWNSVILLE PUBLIC UTILITY BOARD (PUB) , hereinafter called by name or as defendants, and for such cause of action, would respectfully show unto the Court and jury as follows:

### I.

### PARTIES

1.1   Plaintiff, DENNIS L. AMBROSE , is a resident of Cameron County, Texas.

1.2   Defendant, the BROWNSVILLE PUBLIC UTILITY BOARD, is a semi autonomous board of the City of Brownsville, with its own board of directors and its own manager.

1.3   The Defendant BROWNSVILLE PUBLIC UTILITY BOARD has appeared herein and filed an answer.

1.4   The CITY OF BROWNSVILLE, TEXAS has appeared herein and filed an answer.

1.5   Venue is proper in Cameron County, Texas in that the incidents the basis of this cause of action occurred in Cameron County, Texas, and the property subject of this suit is located in Cameron County, Texas.   Pursuant to Tex. Civil Practice &  Remedies Code §15.011 venue is mandatory in Cameron County, Texas.

### II.

### FACTUAL ALLEGATIONS

2,.1   The injuries and damages suffered by the plaintiff and made the basis of this action

**26**

arose out of a series of occurrences which occurred on or about September 2013 and continues through the present.

2.2 Plaintiff is the owner of real property where he resides and which is located adjacent to Dean Porter Park, more particularly described as follows:

> Lot Seven (7) and the Southeast Six feet (6') of Lost Six (6) in a resubdivision of Lots One (1) and Two (2), Block Three (3), LOS EBANOS ADDITION, a Subdivision in the City of Brownsville, Cameron County, Texas, according to the Map of record in Volume 12, page 31, Map Records of Cameron County, Texas.

2.3 On or about March 18, 2013, long before the incidents giving rise to these claims, Plaintiff by and through his attorney advised the PUB, and the City of Brownsville and its legal counsel that he opposed any dredging on his property, which includes the resaca. Plaintiff was made aware through newspaper publications that the city and PUB were planning on dredging resacas throughout Brownsville, Texas. Having previously been invaded by the Defendants against his will and consent, Plaintiff sought to preempt the illegal and unlawful taking of his property. In spite of his protests the Defendants nevertheless, undertook the illegal and unlawful action.

2.4 The actions by the Defendants violated his rights under the Texas constitution article I, Section 19, in violation of title 42 USC section 1983, and in violation of his rights under the Texas Private Real Property Rights Preservation Act. Plaintiff would further show that the actions by these Defendants violated his rights under §11.035 of the Texas Water Code, providing that

2.5 In spite of such request to cease and desist the Defendants in violation of Plaintiff's property rights, have trespassed by placing equipment on his property, dredging his resaca without his consent. The dredging has caused Plaintiff a great deal of mental anguish.

2.6 This has not been the first time the Defendants have entered onto Plaintiff's property without permission and without securing an easement for the purposes of dredging the said resaca. The Defendants have a history of trespassing on plaintiff's property without obtaining permission or any legal right to do so. On at least two prior occasions Defendants have trespassed on Plaintiff's property. The trespass includes the unlawful entry on his

27

property by employees of the Defendants and placing equipment , i.e. a tanker truck and two pickup trucks on Plaintiff's property in September of 2013 without regard to the ownership of Plaintiff and without regard that Plaintiff has sought injunctive relief. This constitute a willful, wonton and malicious action on the part of the Defendants.

## III.

3.1 Defendants have failed to properly condemn plaintiff's property and have as a result violated section 21.012 through 21.016 of the Texas Property Code. Under Chapter 2007.002 et. seq. of the Texas Government Code immunity has been waived as to suit and liability in regards to a governmental taking. The City of Brownsville, Texas and the Public Utility Board have admitted they are "political subdivisions" under the laws of the State of Texas. As such governmental immunity is not applicable to governmental taking. Under Texas Water Code § 11.035 immunity has also been waived as to suit and liability.

3.2 Plaintiff has complied with all conditions precedent.

## IV.

## DAMAGES

4.1 The conduct of defendants set out above constitute an inverse condemnation without just and fair compensation. Plaintiff is hereby entitled to recover actual damages.

## V

## JURY DEMAND

5.1 Plaintiff has previously requested a jury trial and reasserts his demand for a trial by jury.

## Prayer for Relief

WHEREFORE PREMISES CONSIDERED, plaintiff prays that this Honorable Court grant the following:

1. Judgment against the Defendants for Plaintiffs damages;

2 A permanent injunction be issued, on final trial of this cause, enjoining defendant, its agents, servants, and employees, directly or indirectly from trespassing onto Plaintiff's property;

3. Court costs

4. Attorneys fees;

5. Prejudgment interest as allowed by law;

6. Interest on said judgment at the legal rate from date of judgment

7. Such other and further relief to which plaintiff may be justly entitled

.

Respectfully submitted,

**LAW OFFICES OF RUBEN R. PEÑA, P.C.**
**125 Old Alice Rd**
Brownsville, Texas 78520
Tele: 956-546-5775
Fax: 956-546-5778

BY:/s/*Ruben R. Pena*
      **RUBEN R. PEÑA**
      State Bar No. 15740900
      Cameron County I.D. No. 285801

ATTORNEY FOR PLAINTIFF
CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Second Amended Original Petition has been forward to the attorneys for the Defendants on this the 10TH day of December, 2014.

**VIA FACSIMILE: 210-349-0041**

WILLIAM A. FAULK, III
Davidson Troilo Ream & Garza
7550 West IH-10, Suite 800
San Antonio, Texas 78229

**VIA FACSIMILE: 956-554-0693**

Eddie Trevino, Jr.
TREVINO & BODDEN
805 Media Luna, Bldg 300
Brownsville, Texas 78520

/s/ *Ruben R. Pena*

Ruben R. Pena